IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FRANKLIN S. SIMMS,

        Plaintiff,

v.                                                            Case No. 13-1391-JTM

STATE FARM EMPLOYEES AND AGENCY,
and ELMS APARTMENTS EMPLOYEES
DURING SPRING OF 2012,

        Defendants.

## MEMORANDUM AND ORDER

The court has before it plaintiff Franklin S. Simms's Motion for Reconsideration (Dkt. 6), in which he asks the court to reconsider its denial of in forma pauperis status. The court grants the Motion for Reconsideration, grants Simms in forma pauperis status, and dismisses the case.

Acting pro se, plaintiff Franklin S. Simms filed this case with the court on October 16, 2013. With his complaint, Simms filed a Motion for Leave to Proceed in forma pauperis (Dkt. 3). The court denied the motion, citing Simms's failure to provide a financial affidavit. *See* Dkt. 4. The court ordered Simms to pay the filing fee of $400.00 by November 25, 2013. The court filed this order on October 24, 2013 and mailed to the only address Simms had provided in his complaint: General Delivery, Montego Bay, Jamaica.

On November 18, Simms filed a Notice of Change of Address (Dkt. 5). The next day, the court sent its October 24 order to Simms's new address: 3100 Woods Way #2,

Gulf Breeze, Florida 32563. The court did not officially push back the November 25 due date for Simms's filing fee. However, recognizing that Simms may not have received notice of the court's October 24 order until a few days before his filing fee was due, the court delayed entering an order dismissing the case to give Simms some additional time to pay his fee.

On December 2, 2013, Simms filed his Motion for Reconsideration, stating that he had mailed an affidavit showing he qualifies for in forma pauperis status. In his motion, Simms claims he did not receive the court's order to pay the filing fee until November 28, three days after the due date.

The court accepts Simms's excuse. The court also notes that Simms's motion lists his income and assets for the court. Despite these numbers not coming in the form of an affidavit, the court accepts them as Simms signed the pleading setting them forth. Because of the delay in Simms's receipt of the court order, caused by his move from Jamaica back the United States, and because of Simms's inclusion of the necessary financial information, the court grants his motion and reconsiders his plea for in forma pauperis status.

The income and assets claimed by Simms convinces the court that he is eligible for in forma pauperis status, which the court grants. Under 28 § 1915(e)(2)(B)(i), the district court must dismiss an in forma pauperis complaint if it is "frivolous or malicious." A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal is only appropriate where a

2

claim is "based on an indisputably meritless legal theory." *Fogle v. Pierson,* 435 F.3d 1252, 1259 (10th Cir. 2006) (quotations omitted).

Simms claims that State Farm and ELMS Apartments employees violated his civil rights, stole his property, committed insurance fraud, and defamed and assaulted him, entitling Simms to over $50 million in damages. He also appears to accuse this court of corruption and of defaming him because it initially returned his civil complaint for a lack of a civil cover sheet.

After careful review of Simms's complaint, the court is convinced that it is "based on an indisputably meritless legal theory." *See id.* The court cannot allow Simms's frivolous in forma pauperis claims to proceed. *See* 28 § 1915(e)(2)(B)(i). The court dismisses Simms's claims.

IT IS THEREFORE ORDERED this 11th day of December, 2013, that Simms's Motion for Reconsideration (Dkt. 6) is granted.

IT IS ALSO ORDERED that Simms's Motion to Proceed In Forma Pauperis (Dkt. 3) is granted and his claims are dismissed as frivolous.

                                                              s/ J. Thomas Marten  
                                                              J. THOMAS MARTEN, JUDGE